UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:16-CR-105-TAV-MCLC-7 |
| ANTHONY DARRIN GORE, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for a sentence reduction under the First Step Act of 2018 [Doc. 288]. The government has not responded, and the response deadline has long expired. *See* E.D. Tenn. L.R. 7.1(a). Accordingly, this matter is ripe for the Court's review.

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

If a court imposed a sentence for a "covered offense," as defined in § 404(a) of the First Step Act, then on the defendant's motion, the court "may . . . impose a reduced

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). Section 2 of the Fair Sentencing Act amended the quantities of cocaine base, commonly known as crack cocaine, necessary to trigger certain mandatory minimum sentences under section 841(b)(1). Fair Sentencing Act, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for simple possession offenses under 21 U.S.C. § 844(a). *Id.*, Pub. L. No. 111-220, § 3, 124 Stat. at 2372.

Here, defendant's offense of conviction is not a "covered offense." The record reflects that defendant was sentenced on June 30, 2017, to a term of 151 months' imprisonment based on his conviction for conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 194]. First, the Fair Sentencing Act took effect on August 3, 2010. *Dorsey v. United States*, 567 U.S. 260, 269–70 (2012). Because defendant was sentence in 2017, long after the Fair Sentencing Act was in effect, it is clear that he was sentenced under the Fair Sentencing Act's amended statutory provisions. Second, although he was sentenced after the Fair Sentencing Act was in effect, his sentence was not impacted by the enactment of Sections 2 or 3 of the Fair Sentencing Act. Because

defendant was not convicted under 21 U.S.C. § 844(a) for simple possession, Section 3 of the Fair Sentencing Act has no application. Additionally, because defendant was convicted for a methamphetamine offense, rather than a crack cocaine offense, Section 2 of the Fair Sentencing Act also had no application to defendant. Accordingly, defendant's offense of conviction is not a "covered offense" under Section 404 of the First Step Act, and therefore, he is not entitled to relief. Defendant's pro se motion for a sentence reduction under the First Step Act [Doc. 288] is therefore **DENIED**.

    IT IS SO ORDERED.

                              s/ Thomas A. Varlan
                              UNITED STATES DISTRICT JUDGE