UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CR-00105-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY DARRIN GORE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [Doc. 351] and counsel-filed Motion for Sentence Reduction under Guideline Amendment 821, Part A [Doc. 366]. The United States ("the Government") filed responses to both motions [Docs. 364, 368]. Thus, the motions are ripe for review. For the reasons provided herein, Defendant's motions [Docs. 351, 366] are **GRANTED**.

I. **BACKGROUND**

On January 23, 2017, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) [Docs. 84, 92]. Based upon a total offense level of 31 and a criminal history category of IV, Defendant's guideline range was 151 to 188 months [Doc. 195, pg. 1]. On June 26, 2017, the Court sentenced Defendant at the bottom of the guideline range to a term of 151 months' imprisonment to be followed by a 5-year term of supervised release [Doc. 194, pgs. 2, 3]. Defendant is currently housed at FCI Marianna with a projected release date of June 4, 2027. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 8, 2024).

1

Defendant now seeks a sentence reduction to 120 months, as requested in his *pro se* motion [Doc. 351-1, pg. 4][1] or 135 months, as requested in his motion filed through Federal Defender Services ("FDS") [Doc. 366, pg. 5], pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821. The United States concedes that Defendant is eligible for a sentence reduction but defers to the Court's discretion whether and to what extent to grant the requested reduction [Doc. 368].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the

---

[1] To the extent Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1) in his *pro se* motion, the Court cannot consider the motion. District courts may consider motions for compassionate release filed by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Although Defendant requested compassionate release from the warden, his request was based solely on the effects of Guideline Amendment 821 [Doc. 351-3]. Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Thus, other than Guideline Amendment 821, which is governed by 18 U.S.C. § 3582(c)(2) and addressed herein, the Court declines to consider any other asserted grounds for a sentence reduction due to Defendant's failure to exhaust his administrative remedies.

commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing. In relevant part, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points. Specifically, status points are eliminated for defendants with six or less criminal history points and one status point, rather than two points, is applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Carter County, Tennessee General Sessions Court [Doc. 126, ¶ 47]. If sentenced today, Defendant would not receive any status points under U.S.S.G. § 4A1.1, resulting in six (6) criminal history points and criminal history category III. Defendant's amended guideline range would be 135 to 168 months. Thus, Defendant is eligible for a reduction under Amendment 821. However, "the decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In support of his request for a reduction, Defendant cites his completion of extensive educational, vocational, and rehabilitative programming while in the BOP [Doc. 366, pgs. 4, 5]. He also notes that he is a first-time, non-violent federal drug offender, his criminal history consists primarily of misdemeanors, he completed the Residential Drug Abuse Program, he has consistently passed all drug tests during his incarceration, he has a strong support system outside of the BOP and potential job opportunities lined up for his reentry into society, and he recognizes his history of mental health and substance abuse issues but is committed to address those challenges [Doc. 367]. The Government highlights that Defendant has incurred 11 disciplinary sanctions while in custody, including as recently as July 2024, and that the BOP has classified him as having a medium risk of recidivism [Doc. 368, pg. 3]. Defendant acknowledges his disciplinary

record but notes that over half of the infractions occurred within the first two years of his incarceration and all but two are considered minor [Doc. 367, pg. 2]. As for his risk of recidivism, he asserts that he would be categorized as having a low risk of recidivism if the status points were removed under Amendment 821 [*Id.*].

On paper, Defendant has undoubtedly demonstrated a commitment to bettering himself, both intellectually and emotionally. He has completed 360 hours of programs, including courses on anger management, drug education, personal development, money management, leadership, parenting, personal growth, and Spanish [Doc. 366-2]. Nonetheless, Defendant has been unable to stay out of trouble since he entered the BOP. From 2017 to 2023, he incurred disciplinary sanctions for being insolent to a staff member, tattooing another inmate and himself, possession of alcohol, assaulting another inmate, fighting, refusing to work, and phone abuse [Doc. 368-1, pgs. 1–4]. In the past year, Defendant has received three separate disciplinary sanctions for refusing to work and, on two of those occasions, he was also disciplined for refusing to obey an order [*Id.* at pg. 1].

Considering Defendant's substantial efforts toward rehabilitation, as reflected by his extensive participation in various programs offered by the BOP, a sentence reduction is warranted. However, the Court cannot ignore Defendant's disciplinary record. To be sure, little weight is given to the two incidents involving fighting and assaulting another inmate, because Defendant has not incurred any additional violent infractions since completing an anger management course. But the majority of Defendant's infractions, including the most recent incidents, demonstrate a lack of respect for authority which the Court cannot overlook. Accordingly, the Court finds that a sentence of 140 months is sufficient but not greater than necessary considering Defendant's history and characteristics and the need to promote respect for the law.

### III. CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 351, 366] are **GRANTED**. A separate Order shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge